JS-6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL MINUTES - GENERAL

| Case No. | LA CV 16-9567 PA (JEMx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | Catherine M. Barcheski v. Santa Monica Parasailing LLC dba Marina Del Rey Parasailing, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Santa Monica Parasailing LLC dba Marina Del Rey Parasailing ("Defendant"). (Docket No. 1 ("NOR").) In her Complaint, plaintiff Catherine Barcheski ("Plaintiff") alleges a cause of action for negligence against Defendant and Does 1–20. (Docket No. 1, Exh. A ("Compl.").) Defendant removed this case pursuant to 28 U.S.C. § 1441(a) and asserts that this Court has subject matter jurisdiction based on admiralty jurisdiction under 28 U.S.C. § 1333. (NOR 2.)

A suit filed in state court may be removed to federal district court if the district court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction," having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see 28 U.S.C. § 1447(c).

District courts have original jurisdiction, "exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The Supreme Court has interpreted this section to establish exclusive federal jurisdiction "only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." Madruga v. Super. Ct. of St. of Cal. in & for San Diego Cnty., 346 U.S. 556, 560–61, 74 S. Ct. 298, 98 L. Ed. 290 (1954). "The latter clause [of § 1333(1)], known as the 'savings to suitors' clause, 'leaves state courts competent to adjudicate maritime causes of action in proceedings in personam . . . .'" Ghotra by Ghotra v. Bandila Shipping, 113 F.3d 1050, 1054 (9th Cir. 1997). "[A] plaintiff with in personam maritime claims has three choices: He may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | LA CV 16-9567 PA (JEMx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | Catherine M. Barcheski v. Santa Monica Parasailing LLC dba Marina Del Rey Parasailing, et al. | | |

court." Id.; see Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 370, 79 S. Ct. 468, 3 L. Ed. 2d 368 (1959) ("'Parties in maritime cases are not compelled to proceed in the admiralty at all, as they may resort to their common-law remedy in the State courts, or in the Circuit Court, if the party seeking redress and the other party are citizens of different States.'" (quoting Norton v. Switzer, 93 U.S. 355, 356, 23 L. Ed. 903 (1876)); Coronel v. AK Victory, 1 F. Supp. 3d 1175, 1181 (W.D. Wash. 2014) (citing Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001)). This choice impacts the plaintiff's claims, as "[a]dmiralty law 'includes a host of special rights, duties and procedures,'" some of which are different from those available at law. Coronel, 1 F. Supp. 3d at 1182–83 (quoting Lewis, 531 U.S. at 446, 121 S. Ct. 993, 148 L. Ed. 2d 931); see Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987) (observing that a plaintiff's decision to bring maritime claims at law "precludes [the court from] treating [those] maritime claims as admiralty claims"); Ghotra by Ghotra, 113 F.3d at 1054–55 ("The difference between these choices is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court.").

Under the saving-to-suitors clause, a district court does not have subject matter jurisdiction over a plaintiff's maritime claims brought at law unless some basis for jurisdiction other than admiralty exists. Coronel, 1 F. Supp. 3d at 1184, 1187 ("28 U.S.C. § 1333 alone does not provide federal subject matter jurisdiction over maritime claims on the law side of the court."); see Wilmington Trust v. U.S. Dist. Court, 934 F.2d 1026, 1029 (9th Cir. 1991) ("The 'saving-to-suitors' clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist."); Ghotra by Ghotra, 113 F.3d at 1054 ("The savings to suitors clause also permits the plaintiff to bring an action 'at law' in the federal district court, provided the requirements of diversity of citizenship and amount in controversy are met."). Accordingly, where a plaintiff files a common law maritime claim in state court, the defendant cannot remove the action unless grounds other than admiralty support subject matter jurisdiction in the district court.[1] Barglowski, 2016 U.S. Dist. LEXIS 128385, at *22 ("[C]ommon law maritime claims are not

---

[1] The Court recognizes that some district courts in other circuits have concluded that the 2011 amendment to 28 U.S.C. § 1441 makes admiralty claims removable even without an independent ground for jurisdiction, see, e.g., Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013); see Brown v. Porter, 149 F. Supp. 3d 963, 970 (N.D. Ill. 2016) (explaining and rejecting this conclusion); Barglowski v. Nealco Int'l LLC, CIVIL 16-00209 LEK-KSC, 2016 U.S. Dist. LEXIS 128385, at **16–22 (D. Haw. Sept. 20, 2016) (same). This Court joins the majority of courts and concludes that an independent ground is still required to remove a plaintiff's maritime claim, see, e.g., Coronel, 1 F. Supp. 3d at 1187; Bartman v. Burrece, No. 3:14-CV-0080-RRB, 2014 WL 4096226, at *3 (D. Alaska Aug. 18, 2014); Gonzalez v. Red Hook Container Terminal LLC, No. 16-CV-5104 (NGG) (RER), 2016 U.S. Dist. LEXIS 173946, at *11 (E.D.N.Y. Dec. 14, 2016) ("[T]his court finds that the 2011 Amendment should not be interpreted to upset longstanding precedent holding that admiralty issues, standing alone, are insufficient to make a case removable.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-9567 PA (JEMx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | Catherine M. Barcheski v. Santa Monica Parasailing LLC dba Marina Del Rey Parasailing, et al. | | |

removable to federal district court absent separate grounds for jurisdiction."); Bartman v. Burrece, No. 3:14-CV-0080-RRB, 2014 WL 4096226, at *3 (D. Alaska Aug. 18, 2014) (same); Brown, 149 F. Supp. 3d at 969–70 (same); J. Aron & Co. v. Richard Chown, 894 F. Supp. 697, 699–700 (S.D.N.Y. 1995) (same); see also Romero, 358 U.S. at 372, 79 S. Ct. 468, 3 L. Ed. 2d 368 (opining that expanding 28 U.S.C. § 1331 to include maritime claims would take away a maritime suitor's "historic option" of filing an action in state or federal court, and further, would make common law claims freely removable under then-current language of § 1441); Coronel, 1 F. Supp. 3d at 1187 ("By definition, a party cannot bring a claim in admiralty in state court."). A contrary result "would vitiate the savings to suitors clause, which saves to plaintiffs the ability to proceed at law, instead of in admiralty." Coronel, 1 F. Supp. 3d at 1188 (citing Lewis, 531 U.S. at 445, 121 S. Ct. 993, 148 L. Ed. 2d 931); Cassidy v. Murray, 34 F. Supp. 3d 579, 583 (D. Md. 2014) ("Permitting defendants to remove these cases without an independent jurisdictional basis not only disrupts decades of maritime precedent but also renders the saving clause null and void..").

Here, Plaintiff alleges a cause of action against Defendant in personam; therefore, exclusive federal jurisdiction does not exist. Even assuming arguendo that Plaintiff could have brought this action in admiralty, Plaintiff exercised her right under the saving-to-suitors clause to file a common law personal injury action in California state court instead. As discussed above, such a claim, brought at law, could not have originally been filed in this Court unless other grounds for jurisdiction existed, as admiralty jurisdiction does not exist over claims at law. Because Defendant does not allege, and the facts do not support, another ground for jurisdiction, this Court lacks jurisdiction over the action. See Coronel, 1 F. Supp. at 1187–88; Queen Victoria Corp., 694 F. Supp. at 1483 (remanding because "even if the identical facts would have supported a federal admiralty action in the first instance, the fact is that plaintiff brought this in state court as a civil action. That civil action, lacking diversity or a federal question as a basis for federal jurisdiction, could not have been brought originally in federal court.") (emphasis in original); J. Aron & Co., 894 F. Supp. at 698 (same).

For the foregoing reasons, Defendant has failed establish that this Court has federal subject matter jurisdiction. Accordingly, this action is remanded to Los Angeles County Superior Court, Case No. BC634822. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.